## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## NEWNAN DIVISION

|  |  |
|---|---|
| SHANNON CRYSTAL CROWE, as HEIR AT LAW of STEVEN WAYNE DEESE and as ADMINISTRATOR OF THE ESTATE OF STEVEN WAYNE DEESE, | : Civil Action No.: 3:25-cv-00095-LMM |
| Plaintiff, | : |
| v. | : |
| THORATEC, LLC and ABBOTT LABORATORIES, INC., | : |
| Defendants. | : |

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS THORATEC, LLC AND ABBOTT LABORATORIES, INC.

Defendants Thoratec, LLC and Abbott Laboratories, Inc. (collectively, "Abbott") file this Answer and Affirmative Defenses to Plaintiff's Complaint (the "Complaint") stating the following:

## NATURE OF THE ACTION

1.    Abbott denies the allegations contained in Paragraph 1 of the Complaint and specifically denies that a HeartMate 3 device accessory was defectively manufactured.

2.    Abbott lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted, and, on that basis, denies the allegations contained in Paragraph 2 of the Complaint.

3.    Abbott admits, upon information and belief, that Mr. Deese was implanted with a HeartMate 3 device.  Abbott further admits that Defendant Thoratec, LLC is the manufacturer and distributor of the HeartMate 3 device. Abbott denies the remaining allegations contained in Paragraph 3 of the Complaint.

4.    Abbott denies the allegations in Paragraph 4 of the Complaint to the extent they attempt to characterize components and function of the HeartMate 3 differently from the FDA-approved Clinician's Manual and other device labeling, the contents of which documents speak for themselves.

5.    Abbott denies the allegations in Paragraph 5 of the Complaint to the extent they attempt to characterize components and function of the HeartMate 3 differently from the FDA-approved Clinician's Manual and other device labeling, the contents of which documents speak for themselves.

6.    Abbott denies the allegations in Paragraph 6 of the Complaint to the extent they attempt to characterize components and function of the HeartMate 3 differently from the FDA-approved Clinician's Manual and other device labeling, the contents of which documents speak for themselves.

7.    Abbott denies the allegations in Paragraph 7 of the Complaint to the extent they attempt to characterize components and function of the HeartMate 3 differently from the FDA-approved Clinician's Manual and other device labeling, the contents of which documents speak for themselves.

8.    Abbott denies that the HeartMate 3 UBC power management board was defectively manufactured.  Abbott further denies the allegations in Paragraph 8 of the Complaint to the extent they attempt to characterize the design of the HeartMate 3 differently from the applicable, FDA-approved premarket approval application, the contents of which speaks for itself.

9.    Abbott denies the allegations in Paragraph 9 of the Complaint to the extent they attempt to characterize the design of the HeartMate 3 differently from the applicable, FDA-approved premarket approval application, the contents of which speaks for itself.

10.    Abbott denies that the HeartMate 3's 14-Volt lithium-ion batteries were defectively manufactured.  Abbott further denies the allegations in Paragraph 10 of the Complaint to the extent they attempt to characterize the design of the HeartMate 3 differently from the applicable, FDA-approved premarket approval application, the contents of which speaks for themselves.

11.    Abbott lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted, and, on that basis, denies the allegations contained in Paragraph 11 of the Complaint.

12.    Abbott denies the allegations contained in Paragraph 12 of the Complaint.

13.    The allegations contained in Paragraph 13 of the Complaint contain legal conclusions to which no response is required. To the extent that

a response is deemed necessary, Abbott denies the allegations contained in Paragraph 13.

## PARTIES, JURISDICTION, AND VENUE

### A.    The Parties

### i.    Plaintiff

14.    Abbott lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted, and, on that basis, denies the allegations contained in Paragraph 14 of the Complaint.   The remaining allegations contained in Paragraph 14 of the Complaint contain legal conclusions to which no response is required.

15.    Abbott lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted, and, on that basis, denies the allegations contained in Paragraph 15 of the Complaint. The remaining allegations contained in Paragraph 15 of the Complaint contain legal conclusions to which no response is required.

### ii.    Defendants

16.    Defendant Thoratec, LLC admits that it is a California LLC, and that its corporate headquarters is 100 Abbott Park Road, Abbott Park, Lake, IL 60064-6008.

17.    Defendant Thoratec, LLC admits that it is registered to do business in Georgia, and that its Georgia Registered Agent is C T Corporation

System, 289 S. Culver Street, Lawrenceville, Gwinnett County, Georgia, 30046-4805.

18.     Defendant Abbott Laboratories, Inc. admits that it is a Delaware corporation, and that its corporate headquarters is 100 Abbott Park Road, Abbott Park, Lake, IL 60064-6008.

19.     Defendant Abbott Laboratories, Inc. admits that it is registered to do business in Georgia, and that its Georgia Registered Agent is C T Corporation System, 289 S. Culver Street, Lawrenceville, Gwinnett County, Georgia, 30046-4805.

20.     Abbott denies the allegations contained in Paragraph 20 of the Complaint.

**B.     Jurisdiction**

21.     The allegations contained in Paragraph 21 of the Complaint contain legal conclusions to which no response is required. To the extent that a response is deemed necessary, Abbott denies the allegations contained in Paragraph 21.

22.     The allegations contained in Paragraph 22 of the Complaint contain legal conclusions to which no response is required.

**C.     Venue**

23.     The allegations contained in Paragraph 23 of the Complaint contain legal conclusions to which no response is required. To the extent that

a response is deemed necessary, the allegations are denied for lack of knowledge or information relevant to the allegations.

## FACTS

### A.    Background

24.    Abbott lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted, and, on that basis, denies the allegations contained in Paragraph 24 of the Complaint.

25.    Abbott lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted, and, on that basis, denies the allegations contained in Paragraph 25 of the Complaint.

### B.    The May 4, 2023 fire and its aftermath

26.    Abbott lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted, and, on that basis, denies the allegations contained in Paragraph 26 of the Complaint.

27.    Abbott lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted, and, on that basis, denies the allegations contained in Paragraph 27 of the Complaint.

28.    Abbott denies the allegations in Paragraph 28 of the Complaint to the extent they attempt to characterize components and function of the HeartMate 3 differently from the FDA-approved Clinician's Manual and other device labeling.

29.    Abbott denies the allegations in Paragraph 29 of the Complaint to the extent they attempt to characterize components and function of the HeartMate 3 differently from the FDA-approved Clinician's Manual and other device labeling.

30.    Abbott denies the allegations contained in Paragraph 30 of the Complaint.

31.    Abbott denies the allegations contained in Paragraph 31 of the Complaint.

32.    Abbott denies the allegations contained in Paragraph 32 of the Complaint.

33.    Abbott denies the allegations contained in Paragraph 33 of the Complaint.

34.    Abbott lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted, and, on that basis, denies the allegations contained in Paragraph 34 of the Complaint.

35.    Abbott lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted, and, on that basis, denies the allegations contained in Paragraph 35 of the Complaint.

36.    Abbott lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted, and, on that basis, denies the allegations contained in Paragraph 36 of the Complaint.

37.    Abbott denies the allegations in Paragraph 37 of the Complaint to the extent they attempt to characterize the Georgia Bureau of Investigation autopsy report, the contents of which speaks for itself.

C.    **Federal regulation of the HM3**

38.    Abbott admits that the HeartMate 3 is a Class III medical device approved through the premarket approval process, PMA Number P160054. The remainder of Paragraph 38 contains statements or interpretations of law to which no response is required.

39.    Abbott admits that the HeartMate 3 is a potentially lifesaving medical device approved by the FDA through the premarket approval process, PMA Number P160054, to treat patients suffering from end-stage heart failure. The remainder of Paragraph 39 contains statements or interpretations of law to which no response is required. Any other allegations contained in Paragraph 39 are denied.

40.    Paragraph 40 of the Complaint contains conclusions and interpretations of law to which no response is required.

41.    Abbott admits that the original PMA application for the HeartMate 3 was filed on December 8, 2016, the contents of which documents speak for themselves.    Abbott further admits that that it filed PMA amendments on January 9, 2017 (A001), February 17, 2017 (A002), May 19,

2017 (A003), and August 17, 2017 (A004), as well as various PMA Supplements, the contents of which speak for themselves.

42.    Abbott states that the PMA application speaks for itself, and denies the remaining allegations contained in Paragraph 42.

43.    Abbott states that the PMA application speaks for itself, and denies the remaining allegations contained in Paragraph 43.

44.    Abbott admits that the HeartMate 3 is a potentially lifesaving medical device approved by the FDA through the Premarket Approval Process, PMA Number P160054, to treat patients suffering from end-stage heart failure. The HeartMate 3 is a mechanical circulatory support device; it does not replace the heart's function, but helps the patient's heart to pump blood by supporting the weak left ventricle and providing additional blood flow. The device is designed to provide short-term support to the heart as a "bridge to [heart] transplant or bridge to myocardial recovery" including to support the patient until he or she can receive a heart transplant, or for long-term mechanical circulatory support as a "destination therapy." Abbott further admits that although the contents of the FDA approval speak for themselves, the FDA approved the PMA on August 23, 1017.  Abbott denies the remaining allegations contained in Paragraph 44.

45.    Although the contends of the FDA approval speak for themselves, Abbott admits that the FDA approved PMA Supplement S0008 on October 18,

2028. Abbott admits that the HeartMate 3 is a potentially lifesaving medical device approved by the FDA through the Premarket Approval Process, PMA Number P160054, to treat patients suffering from end-stage heart failure. The HeartMate 3 is a mechanical circulatory support device; it does not replace the heart's function, but helps the patient's heart to pump blood by supporting the weak left ventricle and providing additional blood flow. The device is designed to provide short-term support to the heart as a "bridge to [heart] transplant or bridge to myocardial recovery" including to support the patient until he or she can receive a heart transplant, or for long-term mechanical circulatory support as a "destination therapy."  Abbott denies the remaining allegations contained in Paragraph 45.

46.   Abbott states that the PMA application speaks for itself, and denies the remaining allegations contained in Paragraph 46, including all its subparts.

47.   Paragraph 47 of the Complaint contains conclusions and interpretations of law to which no response is required. Any other allegations contained in Paragraph 47 are denied, including all its subparts.

48.   Paragraph 48 of the Complaint contains conclusions and interpretations of law to which no response is required. Any other allegations contained in Paragraph 48 are denied, including all its subparts.

49.     Paragraph 49 of the Complaint contains conclusions and interpretations of law to which no response is required. Any other allegations contained in Paragraph 49 are denied, including all its subparts.

50.     Paragraph 50 of the Complaint contains conclusions and interpretations of law to which no response is required. Any other allegations contained in Paragraph 50 are denied.

51.     Paragraph 51 of the Complaint contains conclusions and interpretations of law to which no response is required. Any other allegations contained in Paragraph 51 are denied.

52.     Abbott states that the PMA application speaks for itself, and denies the remaining allegations contained in Paragraph 52.

**D.     Abbott denies that the HM3 Device's rechargeable 14-volt battery suffered from a manufacturing defect and thus failed to satisfy the design approved by the HM3 PMA.**

53.     Abbott denies the allegations contained in Paragraph 53 of the Complaint.

54.     Abbott denies the allegations contained in Paragraph 54 of the Complaint.

55.     Abbott denies the allegations contained in Paragraph 55.

56.     Abbott lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted, and, on that basis, denies the allegations contained in Paragraph 56 of the Complaint.

## COUNT I

## Strict Liability – Manufacturing Defect

57.    Abbott incorporates the Answers from Paragraphs 1-56 above by reference.

58.    Defendant Thoratec, LLC admits only that it manufactures and distributes the HeartMate 3.  Abbott denies the remaining allegations contained in Paragraph 58 of the Complaint.

59.    Abbott denies the allegations contained in Paragraph 59 of the Complaint.

60.    Abbott denies the allegations contained in Paragraph 60 of the Complaint, including all subparts.

61.    Abbott denies the allegations contained in Paragraph 61 of the Complaint.

62.    Abbott denies the allegations contained in Paragraph 62 of the Complaint.

## COUNT II

## Negligence – Manufacturing Defect

63.    Abbott incorporates the Answers from Paragraphs 1-56 above by reference.

64.    Defendant Thoratec, LLC admits only that it manufactures and distributes the HeartMate 3. Abbott denies the remaining allegations contained in Paragraph 64 of the Complaint.

65.    Abbott denies the allegations contained in Paragraph 65 of the Complaint.

66.    Abbott denies the allegations contained in Paragraph 66 of the Complaint, including all subparts.

67.    Abbott states that Paragraph 67 of the Complaint contains conclusions and interpretations of law to which no response is required. To the extent a response is deemed necessary, Abbott denies the allegations contained in Paragraph 67.

68.    Abbott denies the allegations contained in Paragraph 68 of the Complaint.

69.    Abbott denies the allegations contained in Paragraph 69 of the Complaint.

## COUNT III

## Costs of Litigation and Attorneys' Fees

70.    Abbott incorporates the Answers from Paragraphs 1-56 above by reference.

71.    Abbott denies the allegations contained in Paragraph 71 of the Complaint.

72.     Abbott denies the allegations contained in Paragraph 72.

WHEREFORE, having fully answered and asserted its affirmative defenses herein, Abbott prays for the following relief from the Court:

(a)     That Plaintiff's Complaint be dismissed with prejudice;

(b)     That all costs of this action be assessed against Plaintiff;

(c)     An award against Plaintiff in favor of Abbott for the attorneys' fees and expenses incurred by Abbott to defend this action, including, but not limited to, any such fees and expenses available to Abbott pursuant to O.C.G.A. § 9-15-14 and/or O.C.G.A. § 51-7-80, et seq.; and

(d)     Such other and further relief as this Court deems just and fair.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof where not otherwise assigned under applicable law, Abbott asserts the following defenses.

### First Affirmative Defense

Plaintiff's Complaint, in whole or in part, fails to state a claim against Abbott upon which relief can be granted.  *See* O.C.G.A. § 9-11-12(b)(6).

### Second Affirmative Defense

Plaintiff's claims against Abbott fail because that entity was not responsible for the manufacture or distribution of the HeartMate 3 device at issue.

- 14 -

## Third Affirmative Defense

Plaintiff's claims may be barred by the doctrines of estoppel, waiver, laches, consent, and/or statutory or regulatory compliance.

## Fourth Affirmative Defense

Plaintiff's claims are barred by public policy.

## Fifth Affirmative Defense

The doctrine of spoliation and the failure to properly preserve evidence necessary to the determination of the alleged claims may bar claims against Abbott in whole or in part.

## Sixth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because the product at issue was designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions in accordance with the state of the art and the state of scientific and technological knowledge.

## Seventh Affirmative Defense

Plaintiff's claims may be barred in whole or in part because Mr. Deese or his agents may have misused the product or failed to follow instructions.

## Eighth Affirmative Defense

Plaintiff's claims are barred by the doctrine of primary jurisdiction, in that the FDA is charged under the law with determining the content of warnings and labeling for Defendant Thoratec, LLC's products.

### Ninth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because Plaintiff's injuries, if any, may have been the result of conduct of Mr. Deese, third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to Mr. Deese's pre-existing medical conditions.

### Tenth Affirmative Defense

Abbott is entitled to an assessment of the relative degree of fault for all responsible non-party persons and entities.

### Eleventh Affirmative Defense

Any alleged negligent or culpable conduct of Abbott, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of the alleged injuries.

### Twelfth Affirmative Defense

In the event of a finding of any liability in favor of Plaintiff or settlement or judgment against Abbott, fault be apportioned among all persons for purposes of partial indemnification and contribution pursuant to O.C.G.A. § 51-12-33(a) and (b).

### Thirteenth Affirmative Defense

Plaintiff's claims may be barred because the alleged injuries and

damages were the result, in whole or in part, of Mr. Deese's pre-existing or subsequent medical, genetic or environmental conditions or illnesses that are unrelated to any alleged negligence and/or conduct on the part of Abbott.

### Fourteenth Affirmative Defense

The sole proximate cause of the injuries and/or damages alleged by Plaintiff was the actions, omissions, or negligence of a person or persons other than Abbott, for whose actions, omissions, or negligence Abbott is not liable. As to any party or non-party whose conduct or intervening negligence resulted in the alleged injuries and/or damages, if any, Abbott expressly pleads the doctrine of comparative fault, as well as the provisions of any applicable comparative fault statute, law or policy of Georgia and any other applicable state.

### Fifteenth Affirmative Defense

The failure to mitigate alleged damages may limit Plaintiff's damages, if any, in whole or in part.

### Sixteenth Affirmative Defense

Plaintiff's recovery, if any, shall be reduced by those payments that received from collateral or other sources and/or as part of any settlement.

### Seventeenth Affirmative Defense

At the time the HeartMate 3 at issue left the custody and control of Abbott, there was no defect in said product that either caused or contributed

to the alleged injuries or damages, if any.

## Eighteenth Affirmative Defense

Each of Plaintiff's claims against Abbott is barred by the doctrine of federal preemption, as established by statute, including the preemption provision of the Medical Device Amendments, 21 U.S.C. § 360k(a) to the Food, Drug and Cosmetic Act, 21 U.S.C. § 301, et seq., and by state and federal case law, and are barred by the Supremacy Clause of the United States Constitution, because the medical device at issue was approved by the FDA pursuant to its Premarket Approval Process and regulated by the FDA under the Medical Device Amendments and other federal statutes and regulations.

## Nineteenth Affirmative Defense

Each of Plaintiff's claims against Abbott is barred because at all relevant times, Abbott was in full compliance with all applicable federal and state statutes and regulations, including, but not limited to the Medical Device Amendments, its implementing regulations, and the FDA's conditions of approval for the device at issue.

## Twentieth Affirmative Defense

Each of Plaintiff's claims against Abbott are barred, in whole or in part, because each of Plaintiff's claims seek to directly enforce the provisions of the Food, Drug and Cosmetic Act, and its implementing regulations, but there is no private right of action under the Food, Drug and Cosmetic Act, and because

Plaintiff's claims as alleged in the Complaint interfere and conflict with FDA's authority over medical devices. 21 U.S.C. § 337(a); *Buckman Co. v. Plaintiff's Legal Committee*, 531 U.S. 341 (2001).

### Twenty-First Affirmative Defense

Plaintiff is barred from obtaining relief against Abbott because Abbott's conduct was at all times reasonable, proper, in good faith, and in compliance with applicable law.

### Twenty-Second Affirmative Defense

Abbott fully complied with all applicable industry standards in the manufacture, distribution, and sale of the product alleged to be involved.

### Twenty-Third Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because Plaintiff may lack standing and/or capacity to bring such claims.

### Twenty-Fourth Affirmative Defense

Plaintiff's claims are barred, reduced and/or limited pursuant to applicable statutory and common law regarding limitation of awards, caps on recovery and setoffs.

### Twenty-Fifth Affirmative Defense

The liability of Abbott, if any, for non-economic loss must be apportioned in accordance with the provisions of the law of Georgia and any other applicable state.

## Twenty-Sixth Affirmative Defense

Plaintiff's Complaint fails to state a claim upon which relief can be granted as to costs, attorney's fees, expert fees, expenses, pre-judgment interest, post-judgment interest, refund, rescission, unjust enrichment, disgorgement or restitution.

## Twenty-Seventh Affirmative Defense

The Plaintiff's failure to properly plead items of special damages sought in this action potentially prohibits and/or bars Plaintiff's right to recover and/or recoup any items of special damages in this action, as a matter of law. O.C.G.A. § 9-11-9(g).

**Abbott demands a trial by jury of all issues so triable.**

Dated: February 2, 2026

Respectfully submitted,

REED SMITH LLP

*/s/ Lisa M. Baird*
Lisa Baird

Reginald L. Snyder
Georgia Bar No. 557060
TAYLOR DUMA LLP 1600
Parkwood Circle, Suite 200
Atlanta, Georgia 30339
Office: (770) 434-6868
Mobile: (404) 877-8966
Facsimile: (404) 393-3872
rsnyder@taylorduma.com

Lisa Baird
Florida Bar No. 961191
REED SMITH LLP
200 S. Biscayne Blvd., Suite 2600
Financial Center
Miami, Florida 33131
Office: (786) 747-0299
Mobile: (786) 316-1334
lbaird@reedsmith.com
*Pro Hac Vice

***Counsel for Defendants***
***Thoratec, LLC and Abbott***
***Laboratories, Inc.***

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on February 2, 2026, I electronically filed Defendants Thoratec, LLC and Abbott Laboratories, Inc.'s Answer to Plaintiff's Complaint with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing to all registered users.

<u>*/s/ Lisa Baird*</u>
Lisa Baird
Attorney of Defendants