**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**NEWNAN DIVISION**

| | | |
|---|---|---|
| **SHANNON CRYSTAL CROWE,** *as HEIR AT LAW of STEVEN WAYNE DEESE and as ADMINISTRATOR OF THE ESTATE OF STEVEN WAYNE DEESE,* | ) ) ) ) ) ) ) | |
| **Plaintiff,** | ) ) | |
| v. | ) ) | **Civil Action No.** **3:25-cv-00095-LMM** |
| **THORATEC, LLC and ABBOTT LABORATORIES INC.,** | ) ) ) | |
| **Defendants.** | ) | |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

1. <u>**Description of Case**</u>:

    *(a)    Describe briefly the nature of this action.*

    <u>Plaintiff</u>:

    Plaintiff Shannon Crystal Crowe, as Heir at Law (daughter) and the Administrator of the Estate of Steven Wayne Deese, Deceased, asserts wrongful death and survivor claims arising from a manufacturing defect in a battery and/or charger accessory to Mr. Deese's HeartMate 3 LVAD Device (the "HM3 Device") manufactured by Defendants Abbott Laboratories Inc. and Thoratec, LLC

1

(hereinafter "Abbott-Thoratec") that caused a thermal runaway, resulting in a fire that killed Mr. Deese while he was asleep in his home.

Plaintiff's Complaint identifies parallel violations of pre-market approval (or "PMA") manufacturing requirements, the Food Drug & Cosmetics Act ("FDCA"), and its regulations, including Current Good Manufacturing Practices ("CGMP"), that resulted in the non-conforming/ "adulterated"/ defective cell, and caused the fire that killed Mr. Deese. Plaintiff asserts only parallel Georgia law products liability claims for strict liability and negligence as to the alleged manufacturing defects.

<u>Defendants</u>:

Defendants deny the allegations in the Complaint.  It is Defendants' position that the HeartMate 3 Left Ventricular Assist System ("LVAS") device at issue was manufactured in accordance with FDA-approved specifications and complied with those specifications at all times while in Defendants' possession or control.  It is also Defendants' position that the fire at decedent's residence was not caused by any component of the LVAS device at issue and, additionally, that discovery may reveal a cause of death of decedent other than or in addition to inhalation of smoke and/or toxic gases.

> (b)     *Summarize, in the space provided below, the facts of this case.  The summary should not be argumentative nor recite evidence.*

<u>By Plaintiff</u>:

Mr. Deese was implanted with the HM3 Device on January 12, 2021. At Mr. Deese's Carroll County residence, early on the morning of May 4, 2023, a manufacturing defect in a 14-Volt battery and/or charger accessory to the HM3 Device caused a thermal runaway. The thermal runaway started a chain reaction, and a fast, hot-burning fire exploded from the defectively manufactured Lithium-Ion battery, engulfing a chair and spreading noxious smoke throughout the living room, where Mr. Deese was asleep on the sofa. A neighbor, passing by Mr. Deese's home on her way to work around 6:00 a.m., saw smoke, stopped and banged on the front door; receiving no response, she dialed 911. Despite her heroic efforts and those of the Carroll County fire department, which responded and extinguished the fire in minutes, Mr. Deese died at the scene from smoke inhalation.

A 14-volt HeartMate Lithium-Ion rechargeable "battery" is actually a "battery pack," comprised of multiple cylindrical battery cells and an electronic control/power management board, which are wired together inside a casing that includes contacts for charging and discharging its stored power and a gauge indicating its charge level.

The HM3 PMA includes production specifications for the manufacture and assembly of the HM3 Device, including a requirement that the universal battery charger (or "UBC"), each of the HM3's batteries and all battery cells, and the UBC's

battery management circuit board satisfy performance standards, including thermal management. Further, federal law requires Abbott-Thoratec to manufacture and distribute the HM3 Device, and its UBC and 14-volt Lithium-Ion battery accessories, pursuant to the PMA specifications approved by the FDA, including demonstrating safe operation with proper thermal management, and that the positive and negative sides of the battery cells be electrically separated by an appropriate physical barrier. Defendants are also required to ensure that the 14-volt battery packs, their battery cells, and the battery management circuit board, as manufactured, conform with the PMA-approved design specifications, that their manufacture complies with CGMP, and that non-conforming, "adulterated" (or defective) products are not manufactured or sold.

Battery cells and packs manufactured in compliance with the FDA's consensus standards for lithium-ion batteries in medical devices (UL 1642) and/or battery packs used in medical devices (UL 2054) do not experience internal shorting and thermal runaway.

By Defendants:

The 14-Volt battery packs used in decedent's LVAS complied with cGMP, UL 1642, and UL 2054, all of which are standards of compliance required for PMA approval of the device. The UBC was also manufactured in compliance with all required PMA specifications.

*(c)     The legal issues to be tried are as follows:*

<u>By Plaintiff</u>:

(1)     Whether Defendants were negligent in the manufacture of Mr. Deese's HM3 Device, including the UBC and/or 14-volt batteries;

(2)     Whether Defendant failed to comply with the PMA design specifications and Current Good Manufacturing Practices in manufacturing Mr. Deese's HM3 Device and its component parts, including the UBC and/or 14-volt batteries;

(3) Whether a manufacturing defect in Mr. Deese's HM3 Device directly and proximately caused the fire and Mr. Deese's death;

(4) Whether Mr. Deese endured conscious pain and suffering;

(5) Wrongful death damages; and

(6) Whether Defendants are liable for costs of litigation and attorneys' fees under O.C.G.A. § 13-6-11.

<u>By Defendants</u>:

In addition to the above, whether there as an intervening or superseding cause of the fire and decedent's death, including but not limited to decedent's own actions or omissions. Additionally, apportionment of liability to any nonparties.

*(d)* *The cases listed below (include both style and action number) are:*

*(1)* *Pending Related Cases:*

At the present time, the parties are unaware of pending related cases.

*(2)* *Previously Adjudicated Related Cases:*

At the present time, the parties are unaware of previously adjudicated related cases.

**2.** **This case is complex because it possesses one or more of the features listed below (please check):**

___ (1)   Unusually large number of parties

___ (2)   Unusually large number of claims or defenses

_X_ (3)   Factual issues are exceptionally complex

_X_ (4)   Greater than normal volume of evidence

_X_ (5)   Extended discovery period is needed

_X_ (6)   Problems locating or preserving evidence

_____ (7)   Pending parallel investigations or action by government

_X_ (8)   Multiple use of experts

_____ (9)   Need for discovery outside United States boundaries

_X_ (10)  Existence of highly technical issues and proof

_____ (11)  Unusually complex discovery of electronically stored information

**3. Counsel:**

*The following individually-named attorneys are hereby designated as lead counsel for the parties:*

Plaintiff:

> Michael L. McGlamry
> POPE McGLAMRY, P.C.
> 3391 Peachtree Road NE, Suite 300
> Atlanta, GA 30326
> Tele: 404-523-7706

Defendant:

> Lisa Baird
> REED SMITH LLP
> 200 South Biscayne Blvd., Suite 2600
> Financial Center
> Miami, FL 33131
> Tele: 786-747-0299

**4. Jurisdiction:**

*Is there any question regarding this Court's jurisdiction?*

_____ Yes    __X__ No

*If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.*

**5. Parties to This Action:**

*(a)    The following persons are necessary parties who have not been joined:*

At the present time, the Parties are unaware of necessary parties who have not been joined.

(b)     The following persons are improperly joined as parties:

At the present time, the Parties are unaware of improperly joined parties.

(c)     *The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:*

At the present time, the Parties are unaware of parties whose names are either

inaccurately stated or for whom portions of their names are omitted.

(d)     *The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.*

## 6.     Amendments to the Pleadings:

*Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15.   Further instructions regarding amendments are contained in LR 15.1(a).*

(a)     *List separately any amendments to the pleadings that the parties anticipate will be necessary:*

Plaintiff:

Plaintiff reserves the right to amend in accordance with the Federal Rules of

Civil Procedure and/or the Local Rules.

Defendants:

Defendants reserve the right to amend in accordance with the Federal Rules

of Civil Procedure and/or the Local Rules.

(b)     *Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.*

## 7.	Filing Times For Motions:

*All motions should be filed as soon as possible.  The local rules set specific filing limits for some motions.  These times are restated below.*

*All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later.  Local Rule 7.1A(2).*

(a)	*Motions to Compel: before the close of discovery or within the extension period allowed in some instances.  Local Rule 37.1.*

(b)	*Summary Judgment Motions: within thirty days after the close of discovery, unless otherwise permitted by court order.  Local Rule 56.1.*

(c)	*Other Limited Motions: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.*

(d)	*Motions Objecting to Expert Testimony: <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted.  Refer to Local Rule 7.2F.*

## 8.	Initial Disclosures:

*The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26.  If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.  NOTE:  Your initial disclosures should include electronically stored information.  Refer to Fed.R.Civ.P. 26(a)(1)(B).*

Plaintiff and Defendants intend to exchange initial disclosures on or before February 17, 2026, as set forth in this Court's June 17, 2025 Order Granting the Parties' Consent Motion for Extension of Time.  (Dkt. 16)

**9.    Request for Scheduling Conference:**

*Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.*

The Parties request a conference to discuss the Parties' respective proposed discovery tracks set forth in the proposed Scheduling Order attached hereto and other issues associated with discovery. In the event the Court is amenable to accommodating the Parties' request, in advance thereof, a joint submission of issues and positions will be timely provided to the Court.

**10.    Discovery Period:**

*The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.*

*Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.*

*If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:*

Pursuant to Fed. R. Civ. P. 12(a)(4), discovery begins on March 4, 2026, which is 30 days from the date Defendants appeared via their answer filed on February 2, 2026. The Parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery for the reasons

stated below, and have proposed a Scheduling Order attached hereto that contemplates an eight (8) month (Plaintiff) or a ten (10) month (Defendants) discovery track as an exercise of the Court's discretion of LR 26.2(B):

(1) Because the matters at issue will present factually complex and voluminous evidence that will include substantial amounts of electronically stored information, the Parties anticipate needing additional time to produce and review evidence; and

(2) Because the matter may include substantial amounts of evidence obtained by numerous witnesses, the Parties anticipate needing additional time to schedule and conduct the depositions of witnesses, both fact and expert.

*Please state below the subjects on which discovery may be needed:*

<u>By Plaintiff</u>:

(1) The facts and circumstances surrounding the May 4, 2023, fire at Mr. Deese's home;

(2) The Pre-Market Approval application, documentation, and supplementation for the Abbott-Thoratec HM 3 Device, its accessories, and all component parts;

(3) Manufacturing, assembly, design, testing, and quality control documents regarding the HM 3 Device, its accessories, and all

component parts, in particular the Universal Battery Charger and 14-volt batteries;

(4)     Written agreements/contracts by and between Abbott-Thoratec and/or third parties relating to the design or manufacture of the HM 3 Device, its accessories, and all component parts;

(5)     The identity of relevant witnesses and documents;

(6)     Other similar incidents and post-market surveillance;

(7)     Wrongful death damages.

By Defendants:

(1)     Third party investigations of the causes of fire and decedent's death;

(2)     Decedent's health history and health status at the time of the fire, including the indication for the LVAS device at issue, his ability to safely operate the device according to physician instructions, and alternative causes of his death;

(3)     Decedent's lifestyle habits, such as smoking, drinking, and use of home/personal electronics, other electrical equipment, and other fire hazards that may have caused or contributed to the fire and/or injuries alleged;

(4)     Plaintiff's adherence with fire safety guidelines and recommendations, including but not limited to the use of smoke detectors;

(5)     Because Plaintiff alleges only a manufacturing defect claim as to the 14-Volt batteries and/or their charger, document discovery limited to the manufacturing specifications and testing of the batteries and charger in issue and only design specifications relevant to the manufacture of the battery and charger components in issue;

(6)     "Other similar events" evidence limited to fire/thermal runaway reported in the same model/type of batteries and charger as those in issue;

(7)     Inspection of the battery/ies and battery charger in issue; and

(8)     Materials pertinent to Plaintiff's alleged economic and non-economic damages.

## 11. Discovery Limitation and Discovery of Electronically Stored Information:

(a)     *What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?*

The Parties agree that, pursuant to Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure, any pleadings or other papers may be served by sending such documents by email to the primary and/or secondary e-mail address listed (or any updated email address provided to all counsel of record). If an error or delayed delivery message is received by the sending party, that party shall promptly notify the intended recipient of the message and serve the pleadings of other papers by

other authorized means. The Parties do not intend the foregoing to require email service of ECF-filed papers.

*(b)     Is any party seeking discovery of electronically stored information?*

___X___Yes                         _____No

*If "yes,"*

*(1)     The Parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:*

The Parties are in the process of conferring about the scope of ESI searching and production.

*(2)     The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:*

The Parties anticipate filing a proposed order for discovery of electronically stored information. The Parties anticipate that the proposed order will address the format of data for production, and the inclusion of exclusion and use of metadata. In the absence of agreement on issues regarding discovery of electronically stored information, the Parties shall request a conference with the Court.

## 12.    Other Orders:

*What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?*

The Parties anticipate filing a proposed order for discovery of electronically stored information, as well as a proposed protective order.

**13.    Privileged or Protected Material:**

*Do the parties anticipate any issues about claims for privilege or of protection with respect to trial-preparation materials?*

__X_____ *Yes*                              _____ *No*

*If "yes,"*

*The parties have discussed their views and proposals on any such issues, including the timing and method for complying with Rule 26(b)(5)(A) and whether, if they agree on a procedure to assert the claims after production, to ask the Court to include their agreement in an order under Federal Rule of Evidence 502. The parties have agreed as follows:*

To the extent either party intends to perform analysis, inspection, or testing on the device in issue or fire scene evidence in the future, it shall provide advance notice of at least 30 days to the other party and the opportunity to attend and participate.

Defendants:

It is Defendants position that Plaintiff is required to disclose, in her Rule 26 disclosures, any and all reports, recordings, images, and/or data from any analysis, testing, and/or inspection that has been performed on the device or fire scene evidence to date. Defendants expect to file a discovery motion to compel on this issue once ripe.

<u>Plaintiff:</u>

It is Plaintiff's position that requiring disclosure of reports, recordings, images and/or data created by Plaintiff's experts during testing or inspection, as part of Rule 26(a)(1) initial disclosures, constitutes a premature disclosure of expert materials and Plaintiff should not be required to produce such items until expert disclosures are required pursuant to Rule 26 (a)(2)(D) under the Scheduling Order to be entered by the Court.

**14. Settlement Potential:**

(a)     *Lead counsel for the Parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on February 3, 2026, and that they participated in settlement discussions.  Other persons who participated in the settlement discussions are listed according to party.*

*Other participants:*

None.

(b)     *A discussion regarding the possibility of settlement was had, but no offers were made. It appears that there is now:*

*(_____) A possibility of settlement before discovery.*
*(_____) A possibility of settlement after discovery.*
*(_____) A possibility of settlement, but a conference with the judge is needed.*
*(  X_) No possibility of settlement.*

(c)     *Counsel (_____) do or (_X_) do not intend to hold additional settlement conferences among themselves prior to the close of discovery, and*

*counsel for the Parties will meet and confer to schedule a mutually agreeable date for a discovery conference.*

For Plaintiff: Lead counsel (signature):    <u>*/s/ Michael L. McGlamry*</u>

Michael L. McGlamry
POPE McGLAMRY, P.C.
3391 Peachtree Road, N.E., Suite 300
Atlanta, GA  30326
(404) 523-7706
Fax:  (404) 524-1648
efile@pmkm.com

Other participants:

Caroline G. McGlamry
N. Kirk Pope
POPE McGLAMRY, P.C.
3391 Peachtree Road, N.E., Suite 300
Atlanta, GA  30326

For Defendants: Lead counsel (signature):    <u>*/s/ Lisa Baird*</u>

Lisa Baird
REED SMITH LLP
200 South Biscayne Blvd., Suite 2600
Financial Center
Miami, FL 33131
Tel: 786-747-0299

Other participants:

Heather Ritch Rocks
REED SMITH LLP
Three Logan Square
Suite 3100
1717 Arch Street
Philadelphia, PA 19103

      (d)    *The following specific problems have created a hindrance to settlement of this case.*

None at this time.

## 15. Trial by Magistrate Judge:

*Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.*

(a)     The Parties do not consent to having this case tried before a magistrate judge of this Court.


*/s/ Michael McGlamry*                                       */s/ Lisa Baird*
Counsel for Plaintiff                                           Counsel for Defendant

* * * * * * * * * * * * *

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the Parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

**By Plaintiff:**

(1) The Parties shall serve initial disclosures in accordance with LR 26.1 and Fed. R. Civ. P. 26(a)(1) on or before February 17, 2026.

(2) Fact discovery shall close on October 26, 2026.

(3) Expert discovery shall commence on October 27, 2026, and close on February 12, 2027.

(4) Plaintiff shall make expert disclosures conforming to Fed. R. Civ. P. 26 no later than November 6, 2026.

(5) The depositions of experts disclosed by Plaintiff shall be completed no later than December 7, 2026.

(6) Defendant shall make expert disclosures conforming to Fed. R. Civ. P. 26 no later than December 14, 2026.

(7) The deposition of experts disclosed by Defendant shall be completed no later than January 15, 2027.

(8) Plaintiff shall make any rebuttal expert disclosures conforming to Fed. R. Civ. P. 26(a)(2) no later than January 29, 2027.

(9) The deposition(s) of Plaintiff's rebuttal expert(s) shall by completed no later than February 12, 2027.

(10) Summary Judgment Motions pursuant to Fed. R. Civ. P. 56 must be filed on or before March 8, 2027.

(11) Motions objecting to expert testimony must be filed no later than April 12, 2027.

(12) The Pre-Trial Order must be filed on or before April 30, 2027.

**By Defendants:**

(1) The Parties shall serve initial disclosures in accordance with LR 26.1 and Fed. R. Civ. P. 26(a)(1) on or before February 17, 2026.

(2) Fact discovery shall close on December 23, 2026.

(3) Expert discovery shall commence on January 4, 2027, and close on April 16, 2027.

(4) Plaintiff shall make expert disclosures conforming to Fed. R. Civ. P. 26 no later than January 15, 2027.

(5) The depositions of experts disclosed by Plaintiff shall be completed no later than February 15, 2027.

(6) Defendant shall make expert disclosures conforming to Fed. R. Civ. P. 26 no later than January 22, 2027.

(7) The deposition of experts disclosed by Defendant shall be completed no later than March 15, 2027.

(8) Plaintiff shall make any rebuttal expert disclosures conforming to Fed. R. Civ. P. 26(a)(2) no later than March 5, 2027.

(9) The deposition(s) of Plaintiff's rebuttal expert(s) shall by completed no later than April 12, 2027.

(10) Summary Judgment Motions pursuant to Fed. R. Civ. P. 56 must be filed on or before May 5, 2027.

(11) Motions objecting to expert testimony must be filed no later than June 9, 2027.

(12) The Pre-Trial Order must be filed on or before August 30, 2027.


IT IS SO ORDERED, this _____ day of _____, 2026.


_____
UNITED STATES DISTRICT JUDGE