IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | | |
|---|---|---|
| SHANNON CRYSTAL CROWE, as HEIR AT LAW of STEVEN WAYNE DEESE and as ADMINISTRATOR OF THE ESTATE OF STEVEN WAYNE DEESE, <br><br>Plaintiff, <br><br>v. <br><br>THORATEC, LLC and ABBOTT LABORATORIES INC., <br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. <br>3:25-cv-00095-LMM |

## PLAINTIFF'S INITIAL DISCLOSURES

(1) State precisely the classification of the cause of action being filed, a brief factual outline of the case including plaintiff's contentions as to what defendant did or failed to do, and a succinct statement of the legal issues in the case.

Plaintiff Shannon Crystal Crowe, as Heir at Law (daughter) and the Administrator of the Estate of Steven Wayne Deese, Deceased, asserts wrongful death and survivor claims arising from a manufacturing defect in a battery and/or charger accessory to Mr. Deese's HeartMate 3 LVAD Device (the "HM3 Device") manufactured by Defendants Abbott Laboratories Inc. and Thoratec, LLC

(hereinafter "Abbott-Thoratec") that caused a thermal runaway, resulting in a fire that killed Mr. Deese while he was asleep in his home.

Plaintiff's claims are based on parallel violations of pre-market approval (or "PMA") manufacturing requirements, the Food Drug & Cosmetics Act ("FDCA"), and its regulations, including Current Good Manufacturing Practices ("CGMP"), that resulted in the non-conforming/ "adulterated"/ defective cell, and caused the fire that killed Mr. Deese. Also, Plaintiff asserts only parallel Georgia law products liability claims for strict liability and negligence as to the alleged manufacturing defects.

The factual basis for Plaintiff's claims, generally, are as follows: Mr. Deese was implanted with the HM3 Device on January 12, 2021. At Mr. Deese's Carroll County residence, early on the morning of May 4, 2023, a manufacturing defect in a 14-Volt battery and/or charger accessory to the HM3 Device caused a thermal runaway. The thermal runaway started a chain reaction, and a fast, hot-burning fire exploded from the defectively manufactured Lithium-Ion battery, engulfing a chair and spreading noxious smoke throughout the living room, where Mr. Deese was asleep on the sofa. A neighbor, passing by Mr. Deese's home on her way to work around 6:00 a.m., saw smoke, stopped and banged on the front door; receiving no response, she dialed 911. Despite her heroic efforts and those of the Carroll County

fire department, which responded and extinguished the fire in minutes, Mr. Deese died at the scene from smoke inhalation.

A 14-volt HeartMate Lithium-Ion rechargeable "battery" is actually a "battery pack," comprised of multiple cylindrical battery cells and an electronic control/power management board, which are wired together inside a casing that includes contacts for charging and discharging its stored power and a gauge indicating its charge level.

The HM3 PMA includes production specifications for the manufacture and assembly of the HM3 Device, including a requirement that the universal battery charger (or "UBC"), each of the HM3's batteries and all battery cells, and the UBC's battery management circuit board satisfy performance standards, including thermal management. Further, federal law requires Abbott-Thoratec to manufacture and distribute the HM3 Device, and its UBC and 14-volt Lithium-Ion battery accessories, pursuant to the PMA specifications approved by the FDA, including demonstrating safe operation with proper thermal management, and that the positive and negative sides of the battery cells be electrically separated by an appropriate physical barrier. Defendants are also required to ensure that the 14-volt battery packs, their battery cells, and the battery management circuit board, as manufactured, conform with the PMA-approved design specifications, that their

manufacture complies with CGMP, and that non-conforming, "adulterated" (or defective) products are not manufactured or sold.

Battery cells and packs manufactured in compliance with the FDA's consensus standards for lithium-ion batteries in medical devices (UL 1642) and/or battery packs used in medical devices (UL 2054) do not experience internal shorting and thermal runaway.

Based on the foregoing, the legal issues include:

(1) Whether Defendants were negligent in the manufacture of Mr. Deese's HM3 Device, including the UBC and/or 14-volt batteries;

(2) Whether Defendant failed to comply with the PMA design specifications and Current Good Manufacturing Practices in manufacturing Mr. Deese's HM3 Device and its component parts, including the UBC and/or 14-volt batteries;

(3) Whether a manufacturing defect in Mr. Deese's HM3 Device directly and proximately caused the fire and Mr. Deese's death;

(4) Whether Mr. Deese endured conscious pain and suffering;

(5) Wrongful death damages; and

(6) Whether Defendants are liable for costs of litigation and attorneys' fees under O.C.G.A. § 13-6-11.

(2) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which plaintiff contends are applicable to this action.

Plaintiff states that the following statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law are applicable to this action:

Georgia's Wrongful Death Statute, O.C.G.A. § 51-4-1, *et seq.*;

Current Good Manufacturing Practices (CGMP);

21 U.S.C. § 351;

21 C.F.R. Part 820, *et seq.*;

21 C.F.R. §803.50;

UL 1642;

UL 2054;

O.C.G.A. § 51-1-11(b)(1);

21 U.S.C. § 331;

O.C.G.A. § 13-6-11; and

*Medtronic, Inc. V. Lohr*, 518 U.S. 470 (1996); *Mink v. Smith & Nephew, Inc.,* 860 F.3d 1319 (11th Cir. 2017); *Maynard v. Snapchat Inc.,* 870 S.E.2d 739 (Ga. 2022); *Godelia v. Doe 1*, 881 F.3d 1309 (11th Cir. 2018); *Brazil v. Janssen Rsch. & Dev. LLC*, 196 F. Supp. 3d 1351 (N.D. Ga.

2016); *Chicago Hardware & Fixture Co. v. Letterman*, 236 Ga. App. 21, 510 S.E.2d 875 (1999); *Barnes v. Medtronic, Inc.,* No. 1:20-CV-04310-JPB, 2021 WL 3742436, (N.D. Ga. Aug. 24, 2021); *Sharp v. St. Jude Med., S.C., Inc.*, 838 F. App'x 462 (11th Cir. 2020); *Cooksey v. Medtronic, Inc.,* No. 1:20-CV-00805, 2020 WL 10090793 (N.D. Ga. Dec. 16, 2020); *Green v. Medtronic, Inc.,* No. 1:19-CV-3242, 2020 WL 4577713 (N.D. Ga. May 1, 2020); and *Frey v. Bayer Corp.*, 499 F. Supp. 3d 1283 (M.D. Ga. 2020).

(3) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach a witness list to the Initial Disclosures as Attachment A.)

See Attachment A.

(4) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed. R. Civ. P. 26(a)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Responses to Initial Disclosures as Attachment B.)

See Attachment B.

(5) Provide a copy of, or a description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)

See Attachment C.

(6) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying as under Fed. R. Civ. P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)

Plaintiff has not computed damages but seeks the damages allowable under Georgia's Wrongful Death Statute, O.C.G.A. § 51-4-1, *et seq.*, including funeral expenses, non-economic value of decedent's life, and pain and suffering endured before death, of which the latter two elements will be determined based upon the evidence and the enlightened conscience of the jury. See also Attachment D.

(7) Attach for inspection and copying as under Fed. R. Civ. P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)

See Attachment E.

(8) Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in plaintiffs cause of action and state the basis and extent of such interest.

Plaintiff is unaware of any person or legal entity who may have a subrogation interest in the present cause of action.

Respectfully submitted, this 17th day of February, 2026.

*/s/ Michael L. McGlamry*
Michael L. McGlamry
Georgia Bar No. 492515
N. Kirkland Pope
Georgia Bar No. 584255
Caroline G. McGlamry
Georgia Bar No. 230832
POPE McGLAMRY, P.C.
3391 Peachtree Road, N.E., Suite 300
Atlanta, GA 30326
(404) 523-7706
Fax: (404) 524-1648
efile@pmkm.com

Plaintiff's Counsel

# ATTACHMENT A

1. Shannon Crowe, Plaintiff, daughter of Steven Wayne Deese, Atlanta, Georgia
2. Bobbi Reese, daughter of Steven Wayne Deese, Atlanta, Georgia
3. Steven Deese, son of Steven Wayne Deese, Atlanta, Georgia
4. Sandra Pierce, sister of Steven Wayne Deese,
5. Lance Arthur, nephew of Steven Wayne Deese
6. Nicole Brigham, Lieutenant, Carroll County Fire Department
7. Harold Huddleston, Division Chief, Carroll County Fire Department
8. Dave Wade, Deputy Chief, Carroll County Fire Department
9. Lee Powell, Firefighter, Carroll County Fire Department
10. Cody Wallace, Firefighter, Carroll County Fire Department
11. Blake Garner, Firefighter, Carroll County Fire Department
12. Austin Bivins, Firefighter, Carroll County Fire Department
13. Brandon Puccio, Firefighter, Carroll County Fire Department
14. Logan Jumper, Firefighter/Paramedic, Carroll County Fire Department
15. Stephen Green, Firefighter, Carroll County Fire Department
16. Kyle Biggers, Firefighter, Carroll County Fire Department
17. Matthew Martin, Firefighter, Carroll County Fire Department
18. Buddy Lambert, Carroll County Deputy Coroner

19. Kevin Johnson, Carroll County Police Department

20. Carson Cornell, Carroll County Police Department

21. Natasha Grandhi, MD, Associate Medical Examiner, Geogia Bureau of Investigation

22. Danielle Schadler, BSN, RN, LVAD Coordinator, Wellstar Comprehensive Care at Kennestone

23. Jenifer Harper, BSN, RN, LVAD Coordinator, Wellstar Comprehensive Care at Kennestone

24. Tracey Wood, BSN, RN, LVAD Coordinator, Wellstar Center for Cardiovascular Care

25. Baqir A. Lakhani, DO, FACC, Advanced Heart Failure Cardiology Wellstar Health System

26. Brian Howard, MD, Wellstar Center for Cardiovascular Care Advanced Heart Failure Kennestone

27. Melissa Schepp, MD, Wellstar Center for Cardiovascular Care Advanced Heart Failure Kennestone

Persons identified at Nos. 1 – 5 possess information about Steven Wayne Deese's life.

Persons identified at Nos. 6 – 21 possess information about the fire/fire scene and resulting death of Steven Wayne Deese.

Persons identified at Nos. 22 – 27 possess information about Mr. Deese's health condition, treatments, and LVAD device in the clinical setting.

## ATTACHMENT B

Plaintiff has not determined who may be used at trial to present evidence under Rule 702, 703, or 705 of the Federal Rules of Evidence. Plaintiff will supplement her Initial Disclosures in accordance with Fed. R. Civ. P. 26(a)(2)(B) and the Court's Scheduling Order.

# ATTACHMENT C

Plaintiffs reserve the right to identify and use additional documents, data compilations or other electronically stored information, and tangible things not identified below as they become known, are discovered, or are otherwise available. Plaintiffs also object to producing at this time any such documents, information or things that constitute work product and are otherwise protected from production at this time.

A. Documents produced pursuant to Plaintiff's Open Records Requests, including:

   a. Carroll County Fire Department Report and Photographs
   b. Carroll Country Sheriff's Department Report
   c. Georgia Bureau of Investigation File

B. Other

   a. Medical Records for Steven Wayne Deese
   b. Expert investigative materials
   c. Email communications with LVAD Clinic

# ATTACHMENT D

A. Documents produced pursuant to Plaintiff's Open Records Requests, including:

    a. Carroll County Fire Department Report and Photographs

    b. Carroll Country Sheriff's Department Report

    c. Georgia Bureau of Investigation File

B. Other

    a. Medical Records for Steven Wayne Deese

    b. Family photographs

    c. Funeral bills

## ATTACHMENT E

Plaintiff is not in possession, custody or control of any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| SHANNON CRYSTAL CROWE, *as HEIR AT LAW of STEVEN WAYNE DEESE and as ADMINISTRATOR OF THE ESTATE OF STEVEN WAYNE DEESE*, <br><br>**Plaintiff,**<br><br>v.<br><br>THORATEC, LLC and ABBOTT LABORATORIES INC.,<br><br>**Defendants.** | Civil Action No.<br>3:25-cv-00095-LMM |

## CERTIFICATE OF SERVICE

This is to certify that the foregoing document was filed with the Clerk of Court using the CM/ECF system which will automatically send notification of such filing to the attorneys of record, including the following counsel for Defendants:

Lisa Baird, Esq.
Reed Smith LLP
200 South Biscayne Boulevard, Suite 2600
Southeast Financial Center
Miami, FL 33131
lbaird@reedsmith.com

Heather Ritch Rocks
Reed Smith LLP
Three Logan Square

Suite 3100
1717 Arch Street
Philadelphia, PA 19103
hritchrocks@reedsmith.com

David W. Long-Daniels
Reed Smith LLP
999 Peachtree Street NE
Atlanta, GA 30309
Dlong-daniels@reedsmith.com

*Counsel for Defendants Abbott Laboratories Inc. and Thoratec, LLC*

This 17th day of February, 2026.

/s/ *Michael L. McGlamry*
Michael L. McGlamry
Georgia Bar No. 492515